UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EMMANUEL ROMERO TORRES, )
)
)
    Plaintiffs, )
)
v. ) CASE NO. _____
)
OMEGA SOLUTIONS TRANSPORT, INC. & )
MANNY BENITEZ, in his individual capacity, )
)
    Defendants. )
)

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Emmanuel Romero Torres, pursuant to 29 U.S.C. § 216 through undersigned counsel and sues Defendants, Omega Solutions, Transport, Inc. ("Omega"), a Florida corporation, and Manny Benitez, in his individual capacity, for unpaid wages, unpaid overtime, declaratory relief, injunctive relief, and damages. Torres is also suing OMEGA for misclassifying him as an independent contractor and issuing him a fraudulent IRS Forms 1009 in violation of 26 U.S.C. § 7434. In support hereof, Plaintiffs state:

### NATURE OF ACTION

1. Plaintiff brings this action against Defendants for unpaid minimum wage and unpaid overtime violations under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq*. ("FLSA"). Torres is also suing OMEGA for issuing him a fraudulent 1099. **See** Exhibit No. 1.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the claims herein pursuant to 29 U.S.C. § 201, *et seq*. ("FLSA").

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is an individual residing in Poinciana, Osceola County, Florida and he was engaged in commerce as defined by the FLSA while employed by Benitez who owns, operates, and manages OMEGA and was Plaintiff's employer as defined by the FLSA.

6. Benitez is an individual residing in Kissimmee, Osceola County, Florida and is an officer and owner of OMEGA whom during all times relevant to this Complaint and was acting directly or indirectly in the interest of OMEGA in relation to Plaintiff's employment and was substantially in control of the terms and conditions of Plaintiff's work and, therefore, was considered Plaintiff's statutory employer under the FLSA along with OMEGA.

7. Plaintiff worked for Defendants in Defendants' Orlando, Orange County, Florida facility. Therefore, this Court has jurisdiction over this case.

## STATEMENT OF FACTS

8. Defendants hired Torres in or about May 2017.

9. Defendants misclassified Torres as an independent contractor and issued him an unlawful 1099. **See** Exhibit No. 1.

10. Torres was not Defendants' independent contractor; Torres was an employee as defined by the FLSA and 26 U.S.C. § 7434.

11. Torres did not own or operate his own company.

12. Torres used Defendants' equipment to perform his assigned tasks.

13. Defendants' timesheets said that Plaintiff was entitled to vacation leave like an employee. **See** Exhibit No. 2.

14. Defendants' timesheet said that Plaintiff was entitled to sick leave like an employee. **See** Exhibit No. 2.

15. Defendants' paid Plaintiff every week like an employee.

16. Defendants' paid Plaintiff a flat rate per day no matter how many hours he worked per day or week.

17. Plaintiff regularly worked in excess of 40 hours per week.

18. However, Defendants did not pay him overtime pay for hours over 40 hours because they were self-servingly misclassifying him as an independent contractor.

19. Defendants' total weekly pay when divided by total weekly hours worked per week did not equal or exceed the federal minimum wage.

20. Defendants terminated Plaintiff in March 2018 after he became ill and hospitalized with the flu.

21. To date, Defendants have yet to pay Plaintiff his last weekly paycheck.

22. While employed by Defendants, Plaintiff was a non-exempt employee as that term is defined by the FLSA.

23. Defendants did not keep accurate time records of the hours that Plaintiff worked.

24. Defendants did not deduct payroll taxes from Torres' paycheck in violation of federal tax laws.

25. Plaintiff has exhausted all administrative remedies, if any, for this action and all conditions precedent to the filing of this action have been fulfilled and met by Plaintiff or waived by Defendants.

26. Plaintiff has retained the law firm of Hogan & Hogan, P.A. to represent him in this matter and have agreed to pay said firm a reasonable attorney's fee for its services.

## COUNT I
## VIOLATION OF THE OVERTIME PROVISIONS
## OF THE FAIR LABOR STANDARDS ACT

27. Plaintiff re-alleges and incorporates by reference all allegations contained in Paragraphs 1-26, supra.

28. Defendants repeatedly and willfully violated the FLSA by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate at which he was employed for workweeks longer than forty (40) hours.

29. As a direct and proximate result of Defendants' acts, Plaintiff suffered and continues to suffer damages.

WHEREFORE, Plaintiffs demands judgment against all Defendants for the following:

A. Declaratory judgment under Fed. R. Civ. Pro. 57 and 28 U.S.C. § 2201;

B. Injunctive relief;

C. Unpaid overtime wages found to be due and owing;

D. An additional equal amount as liquidated damages;

E. Pre- and Post-Judgment Interest;

F. Attorney's fees and costs; and

G. Such other relief as the Court deems just and equitable.

### COUNT II
### VIOLATION OF THE MINIMUM WAGE PROVISIONS
### OF THE FAIR LABOR STANDARDS ACT

30. Plaintiff re-alleges and incorporates by reference all allegations contained in Paragraphs 1-26, supra.

31. Defendants repeatedly and willfully violated the FLSA by failing to compensate Plaintiff at the minimum wage rate.

32. As a direct and proximate result of Defendants' acts, Plaintiff suffered and continues to suffer damages.

WHEREFORE, Plaintiff demands judgment against all Defendants for the following:

H.  Declaratory judgment under Fed. R. Civ. Pro. 57 and 28 U.S.C. § 2201;

I.  Injunctive relief;

J.  Unpaid minimum wages found to be due and owing;

K.  An additional equal amount as liquidated damages;

L.  Pre- and Post-Judgment Interest;

M.  Attorney's fees and costs; and

N.  Such other relief as the Court deems just and equitable.

## COUNT III
## VIOLATION OF 26 U.S.C. § 7434

33.  Torres re-alleges and incorporates by reference all allegations contained in Paragraphs 1-26, supra.

34.  OMEGA intentionally misclassified Torres as an independent contractor to avoid paying him overtime pay, minimum wage, and standard federal payroll taxes.

35.  OMEGA knowingly issued Torres a fraudulent 1099 in violation of 26 U.S.C. § 7434.

36.  Pursuant to 26 U.S.C. § 7434, Plaintiff served this Complaint on the IRS.

WHEREFORE, Plaintiff demands judgment against all OMEGA for the following:

A.  Declaratory judgment under Fed. R. Civ. Pro. 57;

B.  Injunctive relief;

C.  Statutory penalties;

D.  Pre- and Post-Judgment Interest;

E.  Attorney's fees and costs; and

F.  Such other relief as the Court deems just and equitable.

## COUNT IV
## FLORIDA COMMON LAW
## FLORIDA STATUTES, SECTION 448.08

37. Torres re-alleges and incorporates by reference all allegations contained in Paragraphs 1-26, supra.

38. OMEGA has failed to pay Plaintiff his last paycheck.

39. OMEGA breached its contract with Plaintiff under Florida common law.

40. OMEGA owes Plaintiff his last paycheck in violation of Florida common law and owes him attorney's fees and costs under Florida Statutes, Section 448.08.

WHEREFORE, Plaintiff demands judgment against all OMEGA for the following:

G. Declaratory judgment under Fed. R. Civ. Pro. 57;

H. Injunctive relief;

I. Statutory penalties;

J. Back pay;

K. Pre- and Post-Judgment Interest;

L. Attorney's fees and costs; and

M. Such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a jury trial on and for all issues so triable.

Respectfully submitted this 14th day of November, 2018,

/s/ Daniel A. Perez
Daniel A. Perez, Esquire
Florida Bar No. 426903
Hogan & Hogan, P.A.
906 E. Michigan Street

                Orlando, FL 32806
                Tel: 407-422-2188
                Fax: 407-422-3291
                Email: dperez@hoganlegal.com
                Secondary Email: brene@hoganlegal.com