# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**EMMANUEL ROMERO TORRES,**

      **Plaintiff,**

**v.**                                          **Case No: 6:18-cv-1965-Orl-JA-DCI**

**OMEGA SOLUTIONS TRANSPORT,
INC. and MANNY BENITEZ,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration with oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. 33)** |
| **FILED:** | **April 28, 2020** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

### I. Background

On November 15, 2018, Plaintiff initiated this case against Manny Benitez (Benitez) and Omega Solutions Transport, Inc. (Omega) for unpaid wages and unpaid overtime. Doc. 1. Plaintiff names Benitez in his individual capacity and argues that Omega misclassified him as an independent contractor and issued him a fraudulent tax form. *Id*. Plaintiff's claims are brought pursuant to: the Fair Labor Standards Act, 29 U.S.C. § 201 (FLSA); 26 U.S.C. § 7434; and Fla. Stat. § 448.08. *Id*. Pending before the Court is Plaintiff's Motion for Partial Summary Judgment

against Defendants (the Motion). Doc. 33. Plaintiff moves for summary judgment on three discrete issues: (1) Plaintiff's employee status under the FLSA; (2) Benitez's employer status under the FLSA; and (3) Plaintiff's unpaid overtime wage claim under the FLSA for the November 5, 2017 workweek. *Id*. On April 17, 2020, the undersigned conducted a hearing because Defendants did not respond to the Motion. Docs. 34, 35. Defendants, through counsel, confirmed that no response in opposition will be filed.

## II. Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is "genuine" only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if the fact could affect the outcome of the lawsuit under the governing law. *Id*.

The moving party bears the initial burden of identifying those portions of the record demonstrating the lack of a genuinely disputed issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant does so, then the burden shifts to the non-moving party to demonstrate that there are, in fact, genuine factual disputes that preclude judgment as a matter of law. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006). To satisfy its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving must go beyond the pleadings and "identify affirmative evidence" that creates a genuine dispute of material fact. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998).

In determining whether a genuine dispute of material fact exists, the Court must view the evidence and draw all factual inferences therefrom in a light most favorable to the non-moving

party and must resolve any reasonable doubts in the non-moving party's favor. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007). Summary judgment should only be granted "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party[.]" *Matsushita*, 475 U.S. at 587.

### III.  Analysis

The Case Management Scheduling Order provides that "[e]ach party opposing a motion for summary judgment ***shall*** serve. . . a legal memorandum with citation of authorities in opposition to the relief requested of no more than twenty pages." Doc. 18 (emphasis added). Defendants have not filed such a response and, therefore, the undersigned deems Plaintiff's request for partial summary judgment to be unopposed. Even so, "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). "At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment," and "must ensure that the motion itself is supported by evidentiary materials." *Id.* at 1101-02. The undersigned has conducted such a review.

#### A.  Plaintiff's Status as an Employee

Plaintiff moves for summary judgment on the issue of whether he is considered an employee under the FLSA. In the Complaint, Plaintiff claims that he "worked for Defendants in Defendants' Orlando, Orange County, Florida facility." Doc. 1, ¶ 7. Defendants responded in the answer that "Defendants admit only that Plaintiff provided his contracted services for Defendant

Omega partly in Orlando, Orange County, Florida and that this Court has jurisdiction." Doc. 12 at 3.[1]

The requirements of the FLSA apply only to employees. An "employee" is defined as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). In turn, the FLSA defines "to employ" as "to suffer or permit to work," 29 U.S.C. § 203(g), and an "employer" as "any person acting ... in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

To determine whether an individual is a covered "employee" or exempted "independent contractor," courts look to the "economic reality" of the relationship between the alleged employee and alleged employer and whether that relationship demonstrates dependence. *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th Cir. 2013). The Eleventh Circuit established the following six-factor test to guide the "economic reality" inquiry:

(1) the nature and degree of the alleged employer's control as to the manner the work is to be performed;

(2) the alleged employee's opportunity for profit or loss depending upon his managerial skill;

---

[1] The undersigned notes that at the April 22, 2020 hearing, Defendants, through counsel, stated that it was a calculated decision not to file a response to the Motion partly because it is their position that summary judgment would not be granted because "enterprise coverage" is a jurisdictional issue. The undersigned advised Defendants that the argument would not be considered because no opposition was filed. Further, it appears that Defendants' statement regarding jurisdiction is misplaced. *See Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.*, 2008 WL 793660, at *2 n.2 (M.D. Fla. Mar. 24, 2008) ("[T]he FLSA's description of an employee and an enterprise covered by the statute prescribes the elements necessary to state a claim for relief under the FLSA, not the prerequisites to federal jurisdiction") (citing *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 516, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006)); *see also*, *Bohenkamp v. JT Private Duty Home Care, LLC*, 2014 WL 4417836, at *2 (Sept. 8, 2014) (finding that the plaintiff's FLSA coverage status – whether or not the plaintiff was an employee, or if defendant was engaged in commerce or had two or more employees engaged in commerce – is not a jurisdictional prerequisite to the FLSA claim but are elements of the claim.). Since Defendants have not challenged enterprise coverage in a filing, the undersigned finds that jurisdiction exists. *See Cammarata v. TIG Mgmt., LLC*, 2013 U.S. Dist. LEXIS 203362, at *5-6 (Feb. 26, 2013) (treating the challenge to enterprise coverage as an attack on the merits of the case because the plaintiff did not challenge the standard advocated by defendants.).

  (3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers;

  (4) whether the service rendered requires a special skill;

  (5) the degree of permanency and duration of the working relationship;

  (6) the extent to which the service rendered is an integral part of the alleged employer's business.

*Id.* at 1311-12; *Freund v. Hi-Tech Satellite, Inc.*, 185 Fed. Appx. 782, 782 (11th Cir. 2006). These factors are used because they are "indicators of economic dependence . . . . [T]he weight of each factor depends on the light it sheds on the [alleged employee's] dependence (or lack thereof) on the alleged employer, which in turn depends on the facts of the case." *Antenor v. D & S Farms,* 88 F.3d 925, 931-32 (citing *Aimable*, 20 F.3d at 439-40).

Here, the record[2] reflects that: Plaintiff worked as a driver from May 2017 through March 2018 (Doc. 14-1 at ¶¶ 1, 4); Plaintiff reported to work anywhere between 5:00 a.m. to 7:00 a.m. at the instruction of Benitez (*Id.* at ¶ 7); Benitez was Plaintiff's immediate supervisor (*Id.* at ¶ 2); Plaintiff was paid $105 per day (*Id.* at ¶ 5); Defendants admit that Omega paid Plaintiff for his services on a weekly basis (Doc. 12 at ¶ 15); Plaintiff typically worked five days per week (Doc. 14-1 at ¶ 7); and Defendants admit that Plaintiff "at times" used Omega's equipment (Doc. 12 at

---

[2] The Motion cites to the Complaint (Doc. 1-2), Defendants' Answer to the Complaint (Doc. 12), and Plaintiff's Answers to Court Interrogatories. Doc. 14-1. Pursuant to Rule 56(c)(1)(A), a party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations. . . admissions, interrogatory answers, or other materials. Since Defendants have not filed a response to the Motion, the undersigned considers any objection to this evidence to be waived for purposes of reviewing the Motion. *See Davis v. Howard*, 561 F.2d 565, 570 (5th Cir. 1977) ("Where there has been a motion for disposition under Rule 56, we have upheld summary judgment where material introduced pursuant to that motion was uncertified, or otherwise inadmissible, and yet unchallenged.") (citing *Auto Drive-Away Co. of Hialeah, Inc. v. ICC*, 360 F.2d 446 (5th Cir. 1966)).

¶ 12). The documents also include timesheets reflecting Plaintiff's name, the workweek, time worked, and "extra" pay for items such as "survey" and "good week for truck." (Docs. 1-2; 14-1 at 3).³

The undersigned recommends that these undisputed facts weigh in favor of finding that Plaintiff was economically dependent and, therefore, an employee. Specifically, the Eleventh Circuit has found that the following factors, among others, are relevant to the control inquiry: "whether the alleged employer (1) had the power to hire and fire the employee, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Villarreal v. Woodman*, 113 F.3d 202, 205 (11th Cir. 1997). Again, the records supports the findings that Benitez was Plaintiff's immediate supervisor and instructed him on his start time, Plaintiff was paid $105 per day and he was paid on a weekly basis, and some of Plaintiff's timesheets reflect "extra" pay for "survey" and "good week for truck." Without argument to the contrary, the undersigned finds that these factors reflect a level of control that militates in favor of Plaintiff.

Regarding Plaintiff's opportunity for profit, the second inquiry in the test, courts may find independent contractor status when a worker is able to garner additional income or profit through the exercise of managerial skill or increased efficiency in the manner or means of accomplishing the work. See *Scantland*, 721 F.3d at 1316-17. Here, while there is evidence that Plaintiff might have received "extra" pay for a "good week" on one occasion (Doc. 1-2), the evidence reflects that

---

³ Plaintiff also contends that Omega's timesheets identify Benitez as "Manager." Doc. 33 at 5, citing Doc. 14-1 at 3. However, this document does not support this assertion. *See* Doc. 14-1 at 3. Plaintiff also states that Defendant afforded him benefits such as sick leave in vacation. Doc. 33 at 5. While the timesheets include a column for "sick" and "vac" there is no indication that Plaintiff received that benefit. *See* Docs. 1-2, 14-1 at 3.

Defendants paid Plaintiff a flat daily rate on a weekly basis. There is no evidence of profit through managerial skill and the undersigned recommends that Plaintiff was an employee based on this factor.

The third factor is also in Plaintiff's favor. Courts may find independent contractor status when a worker invests in equipment or materials required for completing his tasks, or hires other workers to assist him in the completion of his tasks. *Scantland*, 721 F.3d at 1317. Here, there is nothing to show that Plaintiff made any such investment. Instead, the documents reflect that Plaintiff admittedly used Omega's equipment "at times," and there is no indication that he hired workers for assistance.

With regard to the fourth factor, there is nothing in the record to suggest that there was a time limit on Plaintiff's work. Instead, Plaintiff worked for almost a year on a weekly basis. The undersigned notes that in *Clincy v. Galardi South Enterprise, Inc.*, 808 F.Supp. 2d 1326, 1348 (N.D. Ga. 2011), which has been cited in this District on occasion,[4] the court indicated that a working relationship of less than one year is "transient or itinerant" and signaled independent contractor status. While Plaintiff worked just shy of one year, considering the lack of opposition to the Motion, the undersigned recommends that the length of the relationship does not signify anything temporary.

With respect to the last two factors, it would appear that Plaintiff's position as a driver required a certain level of skill and would be an integral part of Omega's business as a transport company. Yet, the undersigned make no assumptions because there is no evidence before the

---

[4] *See e.g.*, *Maldonado v. Callahan's Express Delivery, Inc.*, 2018 U.S. Dist. LEXIS 6202, at *17 (M.D. Fla. Jan. 12, 2018); *Patridge v. Mosley Motel of St. Petersburg Inc.*, 2016 U.S. Dist. LEXIS 1723, at *17 (M.D. Fla. Jan. 6, 2016); *Rezendes v. Domenick's Blinds & Décor, Inc.*, 2015 U.S. Dist. LEXIS 71075, at *347 (M.D. Fla. June 2, 2015).

Court describing the nature of Plaintiff's position or Omega's business. Accordingly, the undersigned finds that there is not enough evidence with respect to these last two factors to weigh in favor of Plaintiff.

Even so, no factor is outcome determinative, nor is the list exhaustive. *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311-12 (11th Cir. 2013). "Ultimately, in considering economic dependence, the court focuses on whether an individual is 'in business for himself' or is 'dependent upon finding employment in the business of others.'" *Id.*, (citing *Mednick v. Albert Enters., Inc.*, 508 F.2d 297, 301-02 (5th Cir. 1975). Based on the findings with respect to the other factors and the lack of opposition, the undersigned recommends that Plaintiff was not in business for himself and was an employee at least with respect to Omega.

### B. Benitez's Status as an Employer Liable Under the FLSA in his Individual Capacity

Plaintiff states that Defendants' Seventeenth Affirmative Defense incorrectly claims that Benitez was not Plaintiff's employer. Doc. 33. While the economic realities test weighs in favor of finding that Plaintiff was an employee, the undersigned finds that Plaintiff has not met his burden of establishing that Benitez was an employer in his individual capacity.

Under the FLSA, an "employer" is "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "[T]o be personally liable as an 'employer,' a corporate officer 'must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee.'" *Olivas v. A Little Havana Check Cash, Inc.*, 324 F. App'x. 839, 845 (11th Cir. 2009) (quoting *Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir.1986)). "Whether an individual falls within this definition 'does not depend on technical or isolated factors bur rather on the circumstances of the whole activity.'" *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc*, 515 F.3d 1150, 1160 (11th Cir. 2008) (quoting *Hodgson v. Griffin &*

*Brand of McAllen, Inc.*, 471 F.2d 235, 237 (5th Cir. 1973)). In determining whether a corporate officer is an "employer," courts in this Circuit "inquire [ ] as to whether the officer was involved in the compensation of employees, the hiring or firing of employees, or other matters in relation to an employee." *Olivas*, 324 F. App'x at 845 (internal citations and quotations omitted).

Bereft of analysis and with no citation to the record,[5] Plaintiff states that Benitez was an employer under the FLSA because Benítez was an owner and officer of Omega, Benítez was Plaintiff's "manager" as reflected on the weekly timesheets, and Plaintiff corresponded with Benitez as his manager regarding pay issues. Doc. 33 at 7. The undersigned finds that this is not enough for summary judgment on this issue.

Defendants admit in the Answer that Benitez owns and helps operate and manage Omega. Doc. 12 at 2. Defendants also admit that Benitez is an officer of Omega. *Id*. While Plaintiff is incorrect that the timesheets show that Benitez was his manager, the Answers to the Interrogatories, which is part of the undisputed record, reflect that Benitez was Plaintiff's supervisor and instructed him to start at 5:00 am to 7:00 am. *See* Doc. 14-1, ¶¶ 2, 7.

The record does not, however, show that Plaintiff sent text messages to Benitez as Plaintiff contends. The Answers to the Court Interrogatories indicate that there were some text messages regarding bounced paychecks and complaints about the failure to pay, and Plaintiff attached copies of texts that are purportedly copies of these messages (Doc. 14-1, ¶10, 4-8), but the messages do not reflect that Benitez was actually involved in these text messages. *See id*. There is no evidence in the record regarding Benitez's phone number or anything to establish that he was associated with the communications.

---

[5] Instead of providing citations within this section, it appears that Plaintiff refers the Court to his earlier statement of undisputed facts to piece together the argument. *See* Doc. 33 at 7.

So, while Benitez was an owner and instructed Plaintiff on his start time, there is nothing more to show how he acted as Plaintiff's supervisor. There is no evidence regarding how he was involved in the day-to-day operation other than the instruction to begin at 5:00am to 7:00am, nor is there anything regarding his responsibility over Plaintiff's employment. Regardless of his position as supervisor, the undersigned cannot possibly recommend that Benitez was an employer based the "whole circumstances" when there are virtually no facts, disputed or not, before the Court. The undersigned recognizes that an officer or owner who is "involved in operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Alvarez Perez*, 515 F.3d 1550 at 1160 (citing *Patel*, 803 F.2d at 637-68). However, the Motion does not sufficiently describe and provide evidence related to Benitez's "operational control." Plaintiff cites to no law that establishes liability by sheer virtue of job title. Even without a response, Plaintiff's request for summary judgment on this issue is not adequately supported by evidence.

### C. Plaintiff's Overtime Hours

Plaintiff also moves for summary judgment with respect to overtime compensation for the week of November 5, 2017, but there is no memorandum of law establishing that he is entitled to the requested relief. Plaintiff states that he worked 54 hours in that workweek and his timesheet reflects 14 hours of overtime worked. Doc. 33 at 7-8. Based on 54 hours, Plaintiff seeks $325.50 in unpaid overtime for that week. *Id*. Plaintiff claims that he was paid $105.00 a day totaling $525.00. *Id*. Instead of dividing $525.00 by 40 hours and calculating time and a half, Plaintiff adds an additional $50.00 for driving from Orlando to Tampa and $45.00 for a survey for a total of $620.00. Doc. 33 at 3, citing Doc. 14-1, ¶¶ 17-20. Plaintiff uses that figure to calculate his hourly and overtime rate.

While these facts remain undisputed, there is no analysis or citation to the law in this section or anywhere else in the Motion regarding overtime under the FLSA. The undersigned declines the invitation to justify overtime on behalf of Plaintiff without authority or discussion on calculating overtime based on a flat day rate plus extra pay for driving to certain locations. It may be that Plaintiff is owed the requested amount, but the request for summary judgment on this issue fails under Local Rule 3.01(a), which requires a memorandum of legal authority in support of the request. As such, the undersigned recommends that the Motion be denied on this issue.

## IV. Conclusion

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. 33) be **GRANTED in part** to the limited extent that the Court find that Plaintiff is entitled to summary judgment in his favor with regard to his status as an employee of Omega under the FLSA; and

2. The Motion be **DENIED** in all other respects.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 5, 2020.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record