UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**EMMANUEL ROMERO TORRES,**

      **Plaintiff,**

v.                          **Case No: 6:18-cv-1965-Orl-28DCI**

**OMEGA SOLUTIONS TRANSPORT,
INC. and MANNY BENITEZ,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Renewed Motion to Approve Consent Judgment Agreement (Doc. 42)** |
| **FILED:** | **September 14, 2020** |

**THEREON** it is **Recommended** that the motion be **GRANTED**.

On November 15, 2018, Plaintiff initiated this case alleging that he was not paid overtime in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* Doc. 1. On July 1, 2020, the parties filed a Joint Notice of Settlement stating that an agreement has been reached resolving all claims in this matter. Doc. 38. The parties stated that they were in the process of preparing a consent judgment which will be promptly submitted to the Court. *Id.*

By Order dated July 30, 2020, the undersigned ordered the parties to file a motion to approve their settlement agreement. Doc. 39 at 1 (citing *Copeland-Stewart v. New York Life Ins. Co.*, 2016 U.S. Dist. 6035, at *4 (M.D. Fla. Jan. 19, 2016) (quoting *Moreno v. Regions Bank*, 729

F. Supp. 2d 1346, 1348 (M.D. Fla. 2010)) ("Settlement of an FLSA action requires review and approval by the district court or the Department of Labor.").

On August 5, 2020, the parties filed a Joint Motion to Approve Consent Judgment Agreement and to Dismiss with Prejudice. Doc. 40. The parties asserted in that motion that Defendants have agreed to accept a Consent Judgment regarding Plaintiff's overtime claims. Doc. 40. The motion provided that Defendants consent to a backpay award of $3,857.76 plus liquidated damages for a total of $7,715.52. *Id*. at 2. The parties also stated that they have reached an agreement regarding attorney fees and costs for $11,065.00, an amount separately discussed and determined without regard to the amount Plaintiff will receive. *Id*. As such, the total consent judgment was $18,780.52. *Id*. The parties stated that they have "agreed to the Consent Judgment in its entirety on terms which they mutually stipulate and agree are fair, reasonable, and adequate." *Id*. at 3.

In addition, the Parties acknowledged that judicial approval of the settlement agreement is generally required under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–55 (11th Cir. 1982), but argued that a review for fairness is not required when the parties settle without compromise to the employee's claim for wages or liquidated damages. Doc. 40 at 3. The parties provided that there was no compromise to Plaintiff's claims as he will be paid full compensation along with liquidated damages. *Id*. at 4. The parties stated that there is no settlement agreement. *Id*. at 2. Accordingly, the parties requested that the Court enter an Order approving the proposed consent judgment and dismiss this action with prejudice. *Id*. at 5.

Upon consideration, the undersigned found that the Motion was due to be denied without prejudice. Doc. 41 The undersigned explained that, "in the absence of a judgment on the merits, to be a prevailing party, the FLSA plaintiff needs a stipulated or consent judgment or its 'functional

equivalent' from the district court evincing the court's determination that the settlement 'is a fair and reasonable res[o]lution of a bona fide dispute over provisions.'" *Wolff v. Royal Am. Mgmt., Inc.*, 545 F. App'x 791, 793 (11th Cir. 2013) (quoting *Lynn's Food*, 679 F.2d at 1355). But while the parties referenced a "proposed consent judgment" and discussed the reasonableness of the resolution (Doc. 40 at 4, 5), there was no such proposed document, settlement papers, or other evidence attached to the Motion. *See id.* The undersigned assumed that this was an oversight given the previous representation to the Court that the parties are in the process of preparing a consent judgment that would be promptly submitted to the Court. Doc. 38. But with nothing but the parties' unsupported representations, the undersigned was not persuaded that fairness had been demonstrated.

Further, the undersigned stated that the parties cannot avoid judicial review by stipulating that there was no compromise because Plaintiff received full compensation. *See Dees v. Hydradry, Inc.,* 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010) (clarifying that, while non-compromised claims are not subject to plenary review, the initial determination of whether a plaintiff receives full compensation is reserved for the district court); *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) ("On its face, *Lynn's Food* suggests no exception to judicial oversight of settlements when the employee receives all wages due."). The undersigned recognized that the parties cited to cases that may support their position, but the undersigned found that an unsworn and unsupported assertion of payment in full does not excuse the parties' resolution from review. In sum, the Court found that the parties had not met their burden because they had not filed a settlement agreement for review or—if no such agreement exists—submitted a proposed consent judgment, nor had they provided any evidence to support their contention that the settlement is fair and reasonable.

On September 14, 2020, the parties filed a Renewed Joint Motion to Approve Consent Judgment Agreement and to Dismiss with Prejudice. Doc. 42 (the Motion). The parties attached to the Motion both a proposed consent judgment and an affidavit from Plaintiff asserting that he has received full compensation. Docs. 42-1; 42-2. The parties maintain their position that Plaintiff is receiving full compensation plus an equal amount of liquidated damages, that the requested attorney fee was negotiated separately, and that there is no settlement agreement. These positions are supported by the Motion and its attachments.

Given the evidence before the Court, the undersigned respectfully recommends that the Court find that the agreed-to consent judgment—which specifies the amounts Defendant is to pay for wages, liquidated damages, and attorney fees—represents a fair resolution of this action. Further, because there is no written settlement agreement, the undersigned finds that there are no other terms of the parties' agreement that would affect the fairness of their agreement—and to the extent the parties failed to disclose terms of their agreement to the Court (whether those terms were oral or in writing) such terms would be unenforceable as they were not submitted to the Court for review in this FLSA case. Finally, due to the parties' representation that the attorney fee was negotiated separately, the undersigned finds that the amount of the attorney fee does not affect thee reasonableness of the parties' agreement, *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

It is respectfully **RECOMMENDED** that the Motion (Doc. 42) be **GRANTED** and that the Court enter judgment as requested by the parties and the Clerk be directed to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

      Recommended in Orlando, Florida on November 4, 2020.

                                              DANIEL C. IRICK
                                              UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy